[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16641
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cv-00837-WKW-TFM

MELVIN LEWIS SEALEY,

Plaintiff-Appellant,

versus

BRANCH BANKING AND TRUST COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 7, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Melvin Sealey, proceeding *pro se*, appeals the dismissal of his lawsuit against Branch Banking and Trust Company ("BB&T") alleging state-law claims related to the foreclosure of his home in Crenshaw County, Alabama. The district court found that Sealey's lawsuit was barred by the doctrine of claim preclusion and the "two dismissal rule" of Rule 41(a)(1)(B), Fed. R. Civ. P., because Sealey twice had voluntarily dismissed the same claims against defendants in privity with BB&T. On appeal, Sealey challenges the district court's subject-matter jurisdiction and the correctness of the dismissal. After careful review, we affirm.

## I. Background

This is the third lawsuit Sealey has filed related to the foreclosure of his home in Crenshaw County (the "Property"). All three are relevant to this appeal.

The relevant background facts, common to all three lawsuits, are these. In 2004, Sealey obtained a loan for the Property, secured by a mortgage with Colonial Bank. Colonial Bank acted as the servicer of the loan from its inception until October 2008. Colonial Bank was declared insolvent in 2009, and BB&T was assigned as successor of its rights by the Federal Deposit Insurance Corporation. A few years later, BB&T initiated foreclosure proceedings, claiming that Sealey had defaulted on the loan. The foreclosure sale occurred in July 2014.

In all three lawsuits, Sealey alleged that no default had occurred and that BB&T lacked the authority to conduct the foreclosure sale. It appears that Sealey

2

believes his mortgage was satisfied by bailout funds after Colonial Bank became insolvent.

Sealey filed his first lawsuit in Alabama state court in September 2014, against BB&T and four of its employees, alleging both state- and federal-law causes of action. After removing the action to federal court on the basis of federal-question jurisdiction, the defendants moved to dismiss the complaint for failure to state a claim. A magistrate judge issued a report and recommendation ("R&R") recommending that the motion to dismiss be granted. Instead of objecting to the R&R, Sealey filed a notice voluntarily dismissing his claims against the individual defendants pursuant to Rule 42(a)(1)(A)(i), Fed. R. Civ. P. The district court withdrew the R&R as to the individual defendants and acknowledged Sealey's voluntary dismissal of these claims. However, the court found that BB&T had been named as a defendant and that the voluntary dismissal did not apply to BB&T, so the court adopted the R&R as to BB&T and dismissed the claims against BB&T "without prejudice" for failure to state a claim.

Sealey filed his second lawsuit in federal district court on October 28, 2014, naming as defendants the same four BB&T employees as in the first complaint. Sealey again raised both state- and federal-law causes of action. He included additional allegations that the defendants committed fraud and filed false mortgage papers. As with the first case, a magistrate judge issued an R&R recommending

3

that the defendants' motion to dismiss be granted. Instead of filing objections, Sealey filed a notice voluntarily dismissing his claims without prejudice under Rule 41(a)(1)(A)(i). As a result, the district court withdrew the R&R and acknowledged the voluntary dismissal of the case.

Then, in October 2015, Sealey filed this third lawsuit in Alabama state court, naming BB&T as the sole defendant. BB&T removed the complaint to federal district court on the basis of diversity jurisdiction and then moved to dismiss the complaint. Sealey, in turn, sought to have the case remanded to state court. In separate R&Rs, a magistrate judge recommended denying Sealey's motion to remand and granting BB&T's motion to dismiss.

Regarding the motion to dismiss, the magistrate judge found that the third lawsuit was barred under the doctrine of claim preclusion. In relevant part, the magistrate judge concluded that Sealey's two prior voluntary dismissals of the same claims against the individual BB&T employees operated as an adjudication on the merits under the "two dismissal rule" of Rule 41(a)(1)(B). The magistrate judge also found that the individual BB&T employees were in privity with BB&T for purposes of preclusion. Over Sealey's objections, the district court adopted the magistrate judge's R&Rs, denied Sealey's motion to remand, and dismissed his complaint. Sealey now appeals.

Liberally construing Sealey's brief on appeal, he offers two main arguments. First, he contends that the district court lacked subject-matter jurisdiction. Second, he argues that the court erred in applying the doctrine of claim preclusion.

## II.  Standards of Review

We review *de novo* whether the district court had subject-matter jurisdiction following removal.  *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 780–81 (11th Cir. 2005).  We likewise review *de novo* the district court's application of the doctrine of claim preclusion, though whether a party is in privity with another for preclusion purposes is a question of fact reviewed for clear error.  *Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010).

We liberally construe the filings of *pro se* parties.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  At the same time, liberal construction does not permit courts to act as "*de facto* counsel."  *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).  Issues not briefed on appeal, even by *pro se* litigants, are considered abandoned.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## III.  Subject-Matter Jurisdiction

When a case originally filed in state court is removed to federal court, the case must be remanded to state court if federal jurisdiction is lacking.  28 U.S.C. § 1447(c).  Ordinarily, federal jurisdiction exists where the case either (1) presents a

question of federal law or (2) involves parties of diverse citizenship and an amount in question that exceeds $75,000. *See* 28 U.S.C. §§ 1331 & 1332(a)(1). As the removing party, BB&T bore the burden of establishing federal subject-matter jurisdiction. *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005).

Here, the district court properly denied Sealey's motion to remand. In its notice of removal, BB&T established that Sealey was an Alabama Citizen, that BB&T was a citizen of North Carolina, and that Sealey sought damages in excess of $75,000. *See* 28 U.S.C. 1332(a). With diverse parties and a sufficient amount in controversy, the court had diversity jurisdiction over Sealey's complaint.

Sealey's invocation of the "well-pleaded complaint rule" is off the mark. That rule comes into play when evaluating whether federal-question jurisdiction exists. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule[]' . . . ."). Here, though, the court exercised diversity jurisdiction, not federal-question jurisdiction, so the well-pleaded complaint rule did not apply. Additionally, because removal was proper under the federal rules, Sealey's reliance on the Alabama state rules of venue is misplaced. *See Castleberry*, 408 F.3d at 783 ("[F]ederal law determines whether the exercise of removal jurisdiction was proper, irrespective of state law procedural violations.").

6

### IV.  Claim Preclusion

The doctrine of claim preclusion, sometimes referred to as *res judicata*, "bars the filing of claims which were raised or could have been raised in an earlier proceeding."  *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990); *see Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (claim preclusion and issue preclusion are collectively referred to as "res judicata").  Claim preclusion bars a subsequent lawsuit when four elements are present:  (1) a final judgment on the merits was entered; (2) the prior decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003); *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).  Because this case involves the preclusive effect of a Rule 41(a) dismissal, we apply federal preclusion principles.  *Citibank,* 904 F.2d at 1501.

Here, the district court correctly concluded that claim preclusion applied to bar Sealey's current suit against BB&T.  Two of the elements of claim preclusion do not appear to be in serious dispute.  First, the district court in the two prior actions was a court of competent jurisdiction.  In light of Sealey's federal-law claims, the court had federal-question jurisdiction.  Second, the same cause of action was involved in all three cases because each complaint arose out of the same

"nucleus of operative fact"—BB&T's assumption of Sealey's mortgage and subsequent foreclosure of the property. *See Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) ("[T]wo cases are generally considered to involve the same cause of action if the latter case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as the former one.") (internal quotation marks omitted). Even if the specific legal theories raised in the current case are not identical to those raised previously, claim preclusion bars not only those claims that were actually litigated in the prior suit, but any and all legal theories and claims that could have been brought out of the same nucleus of operative fact. *Id.* at 1376.

Turning to the question of whether a "final judgment on the merits" was entered, the answer in this case depends on whether the "two-dismissal rule" of Rule 41(a)(1)(B), Fed. R. Civ. P., applied.[1]  Rule 41(a)(1) allows plaintiffs to dismiss an action without court order before the opposing party files an answer or a summary-judgment motion. Fed. R. Civ. P. 41(a)(1)(A)(i). Ordinarily, "the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). But, under the so-

---

[1] Ordinarily, the district court's dismissal of Sealey's first lawsuit as against BB&T for failure to state a claim under Rule 12(b)(6) would "unambiguously constitute[] a ruling 'on the merits,'" *Borden v. Allen*, 646 F.3d 785, 812 (11th Cir. 2011), making resort to the two-dismissal rule unnecessary. Despite dismissing the complaint for failure to state a claim and denying leave to amend as futile, however, the court stated that the dismissal was "without prejudice," indicating that Sealey could raise these claims again. We assume without deciding that this prior dismissal cannot ground the application of claim preclusion. *But cf. N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (holding that a Rule 12(b)(6) dismissal was a judgment on the merits even though it was unclear whether the claims were dismissed with or without prejudice).

called two-dismissal rule, "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." *Id.* We have said that the primary purpose of the two-dismissal rule is to prevent unreasonable abuse of the plaintiff's unilateral right to dismiss an action. *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999).

Here, the district court did not err in applying the two-dismissal rule. It is undisputed that Sealey voluntarily dismissed his two prior cases (against the individual BB&T employees) by filing a notice of dismissal, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), after a magistrate judge issued an R&R recommending that his claims be dismissed. The district court concluded that these two Rule 41 voluntary dismissals "resulted in an adjudication on the merits" of his claims against the individual BB&T defendants. Sealey offers no clear reason to doubt the correctness of the court's ruling on this point, which is consistent with the goal of preventing unreasonable abuse of the plaintiff's unilateral right to dismiss an action.[2] *See ASX Inv.*, 183 F.3d at 1268. Accordingly, there was a final judgment "on the merits" because the two-dismissal rule of Rule 41(a)(1)(B) applied.

---

[2] The magistrate judge discussed whether the two dismissal rule applied in the "unique circumstances" of this case, where "the notices of voluntary dismissal occur[ed] on the same date and the cases clos[ed] on the same date," ultimately concluding that it did apply because Sealey's actions—such as seeking remand of the first suit after initiating the second suit in federal court—clearly showed that he elected to proceed with two distinct lawsuits. Even liberally construing

9

Finally, the district court did not clearly err in finding the individual BB&T employees were in privity with BB&T.  *See Griswold*, 598 F.3d at 1292 (a finding of privity is reviewed for clear error).  Generally, "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process."  *Taylor*, 553 U.S. at 884 (quotation marks omitted).  However, a nonparty is bound by a judgment if he was in privity with a party to that judgment.  *Griswold*, 598 F.3d at 1292.  Specifically, there are six circumstances in which privity exists, including, as relevant here, where (a) a "substantive legal relationship" existed between the party to be bound and a party to first suit, and (b) the nonparty assumed control over the prior litigation.  *See id.*

Here, the district court found that, although the Rule 41 dismissal pertained to only the individual BB&T employees, BB&T was in privity with them because they were "being sued for official actions they took as BB&T employees" and were represented by counsel for BB&T.  *See Citibank*, 904 F.2d at 1502–03 (agreeing with most other circuits "that employer-employee or principal-agent relationships may ground a claim preclusion defense, regardless which party to the relationship was first sued").  Based on both the employment relationship and

---

his brief, we cannot discern a cognizable challenge to this conclusion from Sealey.  *See Timson*, 518 F.3d at 874 (issues not briefed are considered abandoned).

10

BB&T's control over the prior litigation, the court did not clearly err in finding that privity existed.  *See Griswold*, 598 F.3d at 1292–93.

In sum, the district court properly determined that the doctrine of claim preclusion applied to bar Sealey's third lawsuit challenging BB&T's and its employees' actions in connection with the foreclosure of his property.  To the extent Sealey contends that he should have been permitted to amend his complaint before dismissal, we agree with the district court that amendment would have been futile under the circumstances.  *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).  Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**