[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12421
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 11, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-02066-CV-T-24-MAP

E. FRANK GRISWOLD, III,

Plaintiff-Appellant,

versus

COUNTY OF HILLSBOROUGH, FLORIDA GOVERNMENT,
HILLSBOROUGH COUNTY PUBLIC TRANSPORTATION
COMMISSION, DAVID MICHAEL CARR,
individually, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 11, 2010)

Before BLACK, MARCUS and HIGGINBOTHAM,* Circuit Judges.

BLACK, Circuit Judge:

_____

* Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit, sitting by designation.

Appellant E. Frank Griswold is the president and sole shareholder of two businesses, Med Evac, Inc. and Med Evac, LLC (the Companies), that provide emergency medical transportation services. Griswold, a disabled veteran, argues that Appellees violated his rights under the Veterans Benefits Act of 2003, Pub. L. No. 108-183, § 36, 117 Stat. 2651, 2662 (codified at 15 U.S.C. § 657f (2003)) (the Veterans Act), by interfering with the Companies' ability to obtain certain government contracts. The district court found that Griswold's claims are barred under the doctrine of res judicata due to earlier litigation brought by the Companies arising from the same facts. We affirm the judgment of the district court.

## I.  BACKGROUND

The Veterans Act provides contract preferences for small businesses owned by veterans who were disabled due to military service. *See* 15 U.S.C. § 657f . According to Griswold, because he was the only service-disabled veteran in the State of Florida who was able to compete for emergency medical transportation contracts, he was entitled to such contracts under the quota system of the Veterans Act.

Griswold advanced several claims against Appellees, County of Hillsborough, Hillsborough County Public Transportation Commission (HCPTC),

2

and David Michael Carr,[1] for allegedly interfering with his ability to obtain government contracts he was entitled to receive under the Veterans Act. Griswold contends Appellees prevented him from receiving the government contracts by inappropriately delaying the consideration and issuance of a certificate of public convenience and necessity (COPCN) needed to operate an ambulance service business in Hillsborough County. Specifically, Griswold advanced claims: (1) under 42 U.S.C. §§ 1981, 1983, and 1985 for violations of his rights under the Veterans Act; (2) for tortious interference with prospective business contracts; and (3) for punitive damages.

In a previous suit, Griswold and the Companies sued Appellees and others for conspiring to monopolize the ambulance business. The complaint alleged Appellees and others had engaged in unlawful practices that restricted competition during the time in which the Companies filed their COPCN applications, including actions taken to delay the applications' approval. Although Griswold was dismissed from the prior litigation because he personally suffered no injury and lacked standing to assert the Companies' antitrust claims, judgment was entered against the Companies.

---

[1] Carr was the co-owner of a competing ambulance company.

3

Appellees filed two motions to dismiss, arguing that Griswold's claims were barred under the doctrine of res judicata. The district court granted Appellees' motions in two separate orders.[2] The district court held that Griswold was in privity with the Companies, and thus could be bound by the prior litigation even though he was not a party, "[b]ecause as the sole shareholder and President of the businesses, the [Companies] were 'so closely aligned to [Griswold's] interest as to be his virtual representative.'" The court also found both suits involved the same cause of action. The court held that both cases arose from a common nucleus of operative facts—the alleged delay of the Companies' COPCN applications—and that the Companies could have raised Griswold's claims in the prior proceeding since the Veteran's Act confers rights on businesses owned by disabled veterans rather than on the individual veterans themselves.

## II. STANDARD OF REVIEW

The district court's application of res judicata is a question of law which is reviewed de novo. *EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2004). "However, whether a party is in privity with another for preclusion

---

[2] Appellee Michael Carr's motion to dismiss was granted on December 16, 2008, and Hillsborough County's motion to dismiss was granted on April 7, 2009.

4

purposes is a question of fact that is reviewed for clear error." *Id.*; *see also Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1472 (11th Cir. 1986).

## III.  DISCUSSION

Under the doctrine of res judicata, a claim is barred by prior litigation if: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).  The parties do not dispute that the prior suit involved a final judgment on the merits by a court of competent jurisdiction.  Res judicata is thus appropriate if the district court did not err by finding:  (a) Griswold was in privity with the Companies; and (b) the cases involved the same cause of action.

A.    Privity

The Supreme Court recently clarified the use of nonparty preclusion in *Taylor v. Sturgell*, 128 S. Ct. 2161, 2172–73 (2008).  As a general rule, "one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process."  *Id.* at 2171 (quoting *Hansberry v. Lee*, 311 U.S. 32, 40, 61 S. Ct. 115, 117 (1940)).  The rule against nonparty preclusion, however, is subject to six categories of exceptions.

5

*Id.* at 2172. A court may apply nonparty preclusion if: (1) the nonparty agreed to be bound by the litigation of others; (2) a substantive legal relationship existed between the person to be bound and a party to the judgment; (3) the nonparty was adequately represented by someone who was a party to the suit; (4) the nonparty assumed control over the litigation in which the judgment was issued; (5) a party attempted to relitigate issues through a proxy; or (6) a statutory scheme foreclosed successive litigation by nonlitigants. *See id.* at 2172–73.

While announcing the six categories of exceptions listed above, the *Taylor* Court also explicitly rejected the virtual representation exception previously used in this Circuit and elsewhere. *See id.* at 2178. In this Circuit, "[t]he doctrine of virtual representation provide[d] in essence that 'a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative.'" *Pemco Aeroplex, Inc.*, 383 F.3d at 1287 (quoting *Aerojet-Gen. Corp. v. Askew*, 511 F.2d 710, 717 (5th Cir. 1975)). The Court in *Taylor* found that the virtual representation exception's "amorphous balancing test" threatened to bypass the limitations found in the Court's enumerated exceptions and burdened district courts with "wide-ranging, time-consuming, and expensive discovery." *Taylor*, 128 S. Ct. at 2175–76.

The *Taylor* Court, however, recognized that "[m]any opinions use the term 'virtual representation' in reaching results at least arguably defensible on established grounds. In these cases, dropping the 'virtual representation' label would lead to clearer analysis with little, if any, change in outcomes." *Id.* at 2178. (internal citations omitted). In *Taylor*, although the District of Columbia Circuit applied the virtual representation exception, the Supreme Court thus considered whether its decision could be upheld under one of the six established exceptions. *Id.* at 2178–79.

This Court will therefore affirm the district court's order despite its erroneous use of the virtual representation exception if its decision can be upheld under one of the six exceptions enumerated in *Taylor*. The district court held that Griswold was in privity with the Companies because, "as the sole shareholder and President" of the Companies, his interests were "closely aligned" with those of the Companies in the prior litigation. The district court's analysis remains valid because, although a court may no longer find privity based solely on a similarity of interests, Griswold used his relationship with the Companies to control the prior litigation.

The Supreme Court explained in *Taylor* that a "nonparty is bound by a judgment if she 'assume[d] control' over the litigation in which that judgment was

rendered. Because such a person has had 'the opportunity to present proofs and argument,' he has already 'had his day in court' even though he was not a formal party to the litigation." 128 S. Ct. 2173 (internal citations omitted). As Griswold's counsel conceded at oral argument, Griswold had complete control over the prior litigation as the Companies' president and sole shareholder.[3] The district court therefore did not err by holding that Griswold was in privity with the Companies.[4]

B.     Same Cause of Action

"[I]f a case arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Ragsdale,* 193 F.3d at 1239 (quoting *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir.1990)). However, res judicata bars only those claims that could have been raised in the prior litigation. *Id.* at 1238.

Griswold does not dispute that the claims asserted in the current litigation arose from the same nucleus of operative facts as those involved in the prior

---

[3] At oral argument, Griswold's counsel also "agree[d] that [Griswold] would be barred from bringing claims that the Company should have brought" in the prior litigation.

[4] Although the adequate representation exception also likely applies, we need not reach that issue given our finding on the control exception.

litigation.  Both cases arose from the same allegedly unlawful delay in the Companies' COPCN applications.  Instead, Griswold argues res judicata should not apply because the Companies lacked standing to bring claims under the Veterans Act.[5]

The Companies had standing to bring Griswold's claims, however, because he does not possess any rights under the Veterans Act that are distinguishable from those granted to the Companies.  The Veterans Act establishes the Procurement Program for Small Business Concerns Owned and Controlled by Service Disabled Veterans (SDVOSBC), which permits a contracting officer to award contracts on the basis of competition restricted to "small business concerns owned and controlled by service-disabled veterans."  *See* 15 U.S.C. § 657f.  While the SDVOSBC enabling legislation and associated administrative regulations repeatedly refer to contract preferences for small businesses owned by disabled veterans, they do not confer any rights directly on the veterans themselves.  *See* 15 U.S.C. § 657f; 13 C.F.R. § 125.8(g); 13 C.F.R. § 125.14; 48 C.F.R. § 6.206; 48 C.F.R. § 18.116. The Companies therefore could have advanced Griswold's claims in the prior litigation, making them subject to claim preclusion.

---

[5] Although Griswold's complaint asserts multiple claims, each claim is based on alleged violations of the Veterans Act.

C.    Manifest Injustice Exception

Griswold further argues the district court erred by failing to apply a manifest injustice exception.  The Supreme Court, however, has cautioned against departing from accepted principles of res judicata.  In *Federated Department Stores, Inc. v. Moitie*, the Court explained that "[t]he doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case.  There is simply 'no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata.'" 452 U.S. 394, 401, 101 S. Ct. 2424, 2429 (1981) (quoting *Heiser v. Woodruff*, 327 U.S. 726, 733, 66 S. Ct. 853, 856 (1946)).  Even if a manifest injustice exception were to exist, the application of res judicata would not be unjust in this case.  Griswold could have advanced claims under the Veterans Act during his control of the prior litigation and thus has already had his day in court.

IV.  CONCLUSION

The district court did not err by holding that Griswold was in privity with the Companies in the prior litigation and that both suits involved the same cause of action.  We therefore affirm the district court's order granting Appellees' motion to dismiss on the grounds of res judicata.

AFFIRMED.