[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2010
JOHN LEY
CLERK

No. 10-11389
Non-Argument Calendar

_____

D.C. Docket No. 6:10-cv-00323-GKS-DAB

CHARLIE ROBINSON,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
Walter McNeil,
JAMES CROSBY,
Former, Secretary Department of Corrections,
ORLESTER DICKENS,
Secretary's Representative,
MONICA DAVID,
Commissioner/Chairman,
TENA M. PATE,
Commissioner/Vice Chairman,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 5, 2010)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Charlie Robinson appeals pro se the dismissal of his second complaint that employees of the Florida Department of Corrections and the Florida Parole Commission violated his constitutional rights by denying him "gain time" after the revocation of his controlled release. 42 U.S.C. § 1983. We affirm.

The district court did not err when it dismissed Robinson's second complaint. Although Robinson did not request damages in his first complaint, his second complaint "'arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as [his] former action." Griswold v. Cnty. of Hillsborough, 598 F.3d 1289, 1293 (11th Cir. 2010) (quoting Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1239 (11th Cir. 1999)). Robinson's complaint is barred by res judicata.

We **AFFIRM** the dismissal of Robinson's complaint.