[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11383
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00596-WBH


KEN JOSEPH,

                                                            Plaintiff-Appellant,

versus

NATIONSTAR MORTGAGE, LLC,
MCCALLA RAYMER, LLC,
ALBERTELLI LAW,

                                                            Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 28, 2016)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

This is the second lawsuit Ken Joseph has filed in an attempt to stave off a non-judicial foreclosure.  The first case was brought *pro se* against Nationstar Mortgage, LLC, U.S. Bank National Association and McCurdy Candler.  *Joseph v. Nationstar Mortgage, LLC, et al.*, No. 1:13-cv-4122 (N.D. Ga.) ("*Joseph I*").  Adopting the Magistrate Judge's recommendation, the District Court dismissed the Real Estate Settlement Procedures Act and Fair Debt Collection Practices Act (FDCPA) claims against Nationwide without prejudice[1] and allowed the Truth in Lending Act claim against U.S. Bank and the FDCPA claim against McCurdy Candler to proceed.  Order, February 25, 2014.[2]

On March 2, 2015, Joseph, proceeding *pro se*, brought the present action against Nationstar, McCalla Raymer, LLC, and Albertelli Law, asserting claims under the FDCPA and the Fair Credit Reporting Act.  The District Court granted Joseph's application to proceed *in forma pauperis* and pursuant to 28 U.S.C. § 1915(e) dismissed the claims with prejudice on the ground of *res judicata*.  Joseph appeals, arguing that McCalla Raymer and Albertelli Law were not parties in *Joseph I*, and thus his claims against them are not barred by *res judicata*.  And the claims against Nationstar were dismissed without prejudice, meaning that he could bring suit on them again.  We agree.

---

[1]  The claims were brought under the Real Estate Settlement Procedures Act and Fair Debt Collection Practices Act

[2]  The District Court subsequently entered judgment against Joseph on the claims against those two defendants.

2

For *res judicata* to apply, there must have been: (1) a final judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) between the identical parties, or their privities; and (4) the causes of action involved in both cases were the same. *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010). McCalla Raymer and Albertelli Law were neither parties nor privy to parties in *Joseph I.* The claims against Nationwide could not be barred by *res judicata* because they were dismissed without prejudice.

The judgment of the District Court is vacated and the case is remanded for further proceedings.

VACATED and REMANDED.[3]

---

[3] Nationwide argues that the dismissal of Joseph's claims was warranted because his complaint is a shotgun pleading. Appellees Br. at 8-9 (citing *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008)). The complaint is a shotgun pleading, but we do not consider Nationwide's argument because it was not presented to the District Court.