[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10126
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-02968-WSD

WILLIE G. SMITH,

Plaintiff-Appellant,

versus

SECRETARY, US DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT,
INDEPENDENT LIFESTYLES, INC.,
a.k.a. Phillips Winters Apartments Hallmark Management,
ETHAL JACKSON,
JANET STRICKLAND,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 14, 2017)

Before ED CARNES, Chief Judge, JULIE CARNES, and JILL PRYOR, Circuit
Judges.

PER CURIAM:

Willie G. Smith appeals pro se the district court's sua sponte dismissal of his complaint asserting breach of contract claims.  The district court ruled that Smith's claims against Independent Lifestyles, Inc., Ethal Jackson, and Janet Strickland were barred by the doctrine of res judicata because he had previously sued those defendants for Fair Housing Act violations and the claims in that earlier lawsuit had been dismissed as time barred.  The district court also ruled that Smith's claims against Julian Castro in his official capacity as Secretary of the Department of Housing and Urban Development were time barred.  Smith contends that both of those rulings in this lawsuit were erroneous.

Smith's claims arose from his time living in an apartment for which he was receiving housing assistance from HUD.  He alleged that between January 1, 2005 and September 10, 2008, the defendants breached certain provisions in his lease. The last alleged breach came in the form of the defendants terminating the lease, which ultimately led to his eviction.

We review de novo the district court's application of the doctrine of res judicata.  Griswold v. Cty. of Hillsborough, 598 F.3d 1289, 1292 (11th Cir. 2010). We also review de novo the district court's application of a statute of limitations. Berman v. Blount Parrish & Co., 525 F.3d 1057, 1058 (11th Cir. 2008).

A claim is barred under the doctrine of res judicata if, in a prior litigation: "(1) there is a final judgment on the merits; (2) the decision was rendered by a

2

court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Griswold, 598 F.3d at 1292 (quotation marks omitted).  Smith's claims against Independent Lifestyles, Jackson, and Strickland are barred by that doctrine.  The first element is met because "[a] ruling based on the statute of limitations is a decision on the merits for res judicata purposes."  Mathis v. Laird, 457 F.2d 926, 927 (5th Cir. 1972).  Smith does not contend that the district court in the prior litigation lacked jurisdiction to enter the judgment, so the second element is met. The third element is met because Independent Lifestyles, Jackson, and Strickland were defendants in the prior litigation and are defendants in this case, and both cases were brought by Willis.

The remaining issue is whether the fourth element is met.  "In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form."  In re Piper Aircraft Corp., 244 F.3d 1289, 1297 (11th Cir. 2001) (quotation marks omitted).  Generally, "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata."  Id. (quotation marks omitted).   The fourth element embraces "claims that could have been raised in the prior litigation," even if they were not raised at that time.  Griswold, 598 F.3d at 1293.

3

Smith's prior litigation and his current case arose from "the same nucleus of operative fact" based on the "same factual predicate" because both raised claims based on the defendants' pursuit of and ultimate success in obtaining Smith's eviction from his home.  Both lawsuits relied on facts asserting a retaliation- and discrimination-based conspiracy involving the termination of his lease.  While Smith asserted a Fair Housing Act claim in his first lawsuit and now asserts breach of contract claims, that difference does not matter because his contract claims arise from the same facts that gave rise to his Fair Housing Act claim, and he could have raised his contract claims in that earlier lawsuit.  See id.  As a result, the district court did not err in finding that Smith's claims against Independent Lifestyles, Jackson, and Strickland were barred by the doctrine of res judicata.

The district court also did not err in dismissing as time barred Smith's claims against Castro.  Smith agrees that his contract claims are governed by Georgia's six year limitations period.  See O.C.G.A. § 9-3-24 ("All actions upon simple contracts in writing shall be brought within six years after the same became due and payable.").  Under that provision "[t]he discovery rule is not applicable," meaning that "with respect to a breach of contract claim, the statute of limitation runs from the time the contract is broken rather than from the time the actual damage results or is ascertained."  Hamburger v. PFM Capital Mgmt., Inc., 649 S.E.2d 779, 782 (Ga. Ct. App. 2007) (quotation marks omitted).

4

While Smith argues that he was evicted on September 17, 2008, his complaint asserts that the defendants breached the contract "[f]rom January 1, 2005 . . . to September 10, 2008."  As a result, the six year limitations period would have begun to run no later than September 10, 2008, when he has alleged that the final breach, termination of the contract, occurred.  Smith filed this action on September 16, 2014, more than six years after the statute of limitations began to run on his contract claims.  Although Smith contends that the limitations period has not expired because the breaches of his lease are continuing violations, he cites no law indicating that the continuing violation doctrine is applicable to Georgia breach of contract claims.  The district court did not err in dismissing as time barred Smith's claims against Castro.

**AFFIRMED.**