[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11291
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cv-00234-MCR-EMT

PRESTON JERMAIN LEWIS,

                                        Plaintiff-Appellant,

versus

THOMAS JOSEPH LEONARD,
Director, Adult and Secondary Education,
Pensacola State College,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 27, 2017)

Before TJOFLAT, HULL and NEWSOM, Circuit Judges.

PER CURIAM:

In this 42 U.S.C. § 1983 action, plaintiff Preston Jermain Lewis, a former student at Pensacola State College ("PSC"), appeals pro se the district court's order granting summary judgment in favor of defendant Thomas Joseph Leonard, the former Director of the Office of Student Conduct at PSC. Lewis's § 1983 action arose out of an investigation of student misconduct at PSC. The district court granted defendant Leonard's motion for summary judgment, concluding that Lewis's claims were barred by the doctrine of res judicata. After review, we affirm.

## I.  BACKGROUND FACTS

### A.    Lewis's First § 1983 Action in 2013

In June 2013, Lewis filed pro se a § 1983 action against defendant Leonard alleging race discrimination during Leonard's investigation into student misconduct at PSC in 2013. Specifically, Lewis, who is African American, alleged that he was called out of a class and taken to a conference room, where defendant Leonard asked him if he had used profanity toward one of his professors. After Lewis denied doing so, defendant Leonard told Lewis to leave PSC's campus or face arrest for trespassing. Later, Lewis was told by PSC officials that the incident

was a mistake and that he could return to campus.  Lewis alleged that defendant Leonard's actions were based on race.

On July 28, 2014, the district court granted defendant Leonard's motion to dismiss based on qualified immunity and dismissed Lewis's § 1983 complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Lewis did not appeal the dismissal.

## B.    Lewis's Second § 1983 Action in 2015

About nine months later, on May 22, 2015, Lewis filed this second, counseled § 1983 complaint against defendant Leonard alleging claims of race discrimination and deprivation of due process.  Like his first complaint, Lewis's second complaint described his 2013 encounter with defendant Leonard and alleged that defendant Leonard asked Lewis if he had sexually harassed the professor and then dismissed Lewis from PSC without conducting a proper investigation.

During discovery, plaintiff Lewis failed to appear at his noticed deposition. Shortly thereafter, Lewis's attorney withdrew, citing Lewis's failure to appear, and Lewis elected to proceed pro se.

Defendant Leonard filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 37(d)(1)(A), noting that Lewis had advised his attorney (in the early morning hours before the deposition was scheduled) that he would not

3

appear.  In his pro se response, Lewis did not dispute that his deposition was scheduled and that he failed to appear.  Instead, Lewis explained that he decided he could not attend the deposition (1) after his former attorney advised him that defendant Leonard had not yet responded to interrogatories, and (2) because Lewis and his former attorney did not reach an understanding about how to handle the situation.

A magistrate judge ("the court") granted defendant Leonard's motion for sanctions, concluding that plaintiff Lewis had not "shown that his failure to appear was substantially justified or that other circumstances made the award of expenses unjust."[1]  The court explained that even assuming that Lewis "had properly propounded interrogatories to Defendant and Defendant had indeed failed to answer them, this alone does not entitle Plaintiff to purposely avoid his deposition."  The court ordered defendant Leonard to file a notice setting forth the amount of fees sought.  In the order, the court advised Lewis that if he elected not to file a response to defendant Leonard's notice, Lewis would "forfeit[ ] the right to contest the award sought by Defendant and any determination by this court that he is responsible for payment of the award."  Lewis did not file a response, and the

---

[1]After the district court referred the case to the magistrate judge to handle non-dispositive matters, the magistrate judge entered the order granting defendant Leonard's motion for sanctions and the subsequent order directing plaintiff Lewis to pay $4,730 in attorney's fees.

court ordered Lewis to pay $4,730 in attorney's fees related to Lewis's failure to attend the scheduled deposition.

## C.    Motion for Summary Judgment in Second Action

Following discovery, defendant Leonard filed a motion for summary judgment, asserting that plaintiff Lewis's claims were barred by res judicata because they were litigated in the prior action.  Lewis's response to the summary judgment motion recounted the confrontation with defendant Leonard and argued the merits of his claims, but did not address the issue of res judicata.

The magistrate judge issued a report ("R&R") recommending that the district court grant defendant Leonard's motion for summary judgment because Lewis's claims were barred by res judicata.  Lewis filed an objection to the R&R that argued the merits of his claims, but did not object to the magistrate judge's conclusion that his claims were barred by res judicata.  The district court adopted the R&R and granted Leonard's summary judgment motion.

## II.  DISCUSSION

## A.    Summary Judgment

On appeal, plaintiff Lewis's attack on the district court's summary judgment ruling addresses only the merits of his claims.[2]  Lewis does not address, much less

---

[2]For example, plaintiff Lewis argues that the district court failed to consider his summary judgment evidence—including a statement by a PSC officer about lifting a trespass warning given to Lewis and also the admissions by PSC officials that the school had made a mistake—

challenge, the district court's basis for granting summary judgment—the conclusion that res judicata barred Lewis's claims. Indeed, there is no mention of the district court's res judicata ruling anywhere in Lewis's appeal brief.

Although we construe pro se briefs liberally, we will not act as de facto counsel for litigants, and a pro se litigant who offers no substantive argument on an issue in his brief abandons the issue on appeal. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008). Because Lewis does not argue that the district court misapplied the doctrine of res judicata to his case, he has abandoned this issue.

Even if plaintiff Lewis had properly preserved the issue, the district court properly concluded that Lewis's second § 1983 action against defendant Leonard was barred by res judicata. Under that doctrine (also known as claim preclusion), a claim is barred by a prior suit if: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties . . . are identical in both suits; and (4) the same cause of action is involved in both cases." Griswold v. Cnty. of Hillsborough, 598 F.3d 1289, 1292 (11th Cir. 2010) (quotation marks omitted). All four conditions are met here.

First, there was a final judgment on the merits in Lewis's prior § 1983 action, because the court dismissed Lewis's complaint for failure to state a claim

---

that Lewis contends supported an inference of racial discrimination. Lewis also states that he was deprived of his liberty and property interests without due process of law.

for relief pursuant to Rule 12(b)(6).  Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3, 101 S. Ct. 2424, 2428 n.3 (1981) ("[A] dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.") (quotation marks omitted); NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1998) (same).  Second, the dismissal was rendered by a court of competent jurisdiction, because it involved a federal claim and properly invoked the jurisdiction of the Northern District of Florida.  Third, the parties are identical in each action.  Fourth, the cases involve the same cause of action, because the claims raised in both cases are based upon the 2013 incident between Leonard and Lewis that occurred at PSC.  See Griswold, 598 F.3d at 1293 ("If a case arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action, the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." (alterations and quotation marks omitted)).

Thus, we have no basis to overturn the district court's decision granting summary judgment.

## B.    Sanctions Order

On appeal, plaintiff Lewis also argues that the court abused its discretion by ordering him to pay $4,730 in attorney's fees to defendant Leonard related to Lewis's failure to attend the scheduled deposition.

Under Rule 37(d), the district court may grant a motion for sanctions if a party fails to attend his own deposition after being properly served with notice of the deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Either in lieu of, or in addition to, other sanctions, the district court "must require" either the party that failed to appear, or his attorney, or both "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). We review for abuse of discretion a district court's determination that there was no substantial justification for the conduct that resulted in the ordered sanctions. Devaney v. Cont'l Am. Ins. Co., 989 F.2d 1154, 1162-63 (11th Cir. 1993).

Here, plaintiff Lewis has not shown that the court abused its discretion in granting the motion for sanctions. Lewis has never disputed that he failed to attend his properly set deposition. The only justification Lewis ever offered for his failure to attend was that he believed he should not be deposed until after defendant Leonard answered interrogatories. Lewis says that, on the eve of his deposition, he learned from his former attorney that defendant Leonard had not answered the interrogatories and that he and his attorney did not have an understanding about how to respond. As the court noted, however, the proper response to such a concern was to file a motion to compel interrogatory responses,

8

not for Lewis to refuse to attend his duly noticed deposition only hours before it was set to begin.

On appeal, plaintiff Lewis points out that defendant Leonard's attorney also did not appear at the noticed address in Pensacola for the deposition. Although true, it ignores the reason. On the morning of the deposition, as the attorneys for both parties were driving from Tallahassee to Pensacola to take the deposition, Lewis's attorney learned that Lewis refused to attend. Lewis's attorney then advised Leonard's attorney of this fact, and Leonard's attorney turned around and drove back to Tallahassee. Under the circumstances, we find no abuse of discretion in the district court's determination that Lewis's failure to attend the deposition was not substantially justified.

To the extent Lewis argues that the amount of the award places a heavy financial burden on him, it is clear that Lewis failed to file a response to the notice of attorney's fees in the district court and did not contest the amount of the award in the district court. Thus, Lewis has waived this issue on appeal, and we do not address it. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

**AFFIRMED.**