[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12179
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-00847-TWT


JAMES NATHANIEL DOUSE,

Plaintiff-Appellant,

versus


ELEVENTH CIRCUIT COURT OF APPEALS CLERK OF COURTS, et al.,

Defendants,


ADAM BAIN,
in his individual capacity,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 24, 2019)

Before WILLIAM PRYOR, GRANT and HULL, Circuit Judges.

PER CURIAM:

Plaintiff James Nathaniel Douse brought this pro se civil lawsuit against defendants Adam Bain, a Department of Justice ("DOJ") attorney, and the United States seeking damages after attorney Bain publicly disclosed Douse's medical records and personally-identifiable information on the district court's docket during a separate lawsuit.  The district court granted the defendants' motions to dismiss the complaint, concluding, among other things, that Douse's claims were barred by the doctrine of res judicata and that Bain was entitled to immunity.  On appeal, Douse challenges those conclusions and also disputes the validity of the United States' certification that attorney Bain was acting within the scope of his federal employment at the time of the unlawful disclosure.  After careful review of the record and the parties' briefs, we affirm.

## I.  BACKGROUND FACTS

### A. Disclosure of Medical and Personal Information

Separate from this case, plaintiff Douse is involved in a multidistrict litigation against the United States, in which he and other service members and their families allege they were injured after being exposed to toxic substances in the water supply while living at Marine Corps Base Camp Lejeune in North Carolina.  See In re Camp Lejeune N.C. Water Contamination Litig., 263 F. Supp.

3d 1318, 1325 (N.D. Ga. 2016).  During that litigation, on February 4, 2016, DOJ attorney Bain filed an opposition to Douse's motion to amend his complaint, in which Bain submitted an exhibit containing 17 pages of documents that Douse had sent to the Department of Navy in support of his administrative claim regarding his exposure to contaminated water.  The 17 pages of documents included Douse's medical records and certain personally-identifiable information, such as his date of birth, social security number, and home address (collectively, "medical and personal information").  As a consequence, Douse's medical and personal information was available on the district court's public docket for just over one month.  See id. at 1361-62.

In response, on March 8, 2016, Douse filed a motion for punitive and exemplary damages, arguing that the disclosure of his medical and personal information violated the Health Insurance Portability and Accountability Act and tort laws.  Id. at 1361-62.  The government responded that the disclosure was inadvertent and immediately asked the district court to remove the entire exhibit from the court's public docket.  Id. at 1362.  The government then submitted a corrected exhibit that did not include Douse's medical records and redacted his personally-identifiable information as required by Federal Rule of Civil Procedure 5.2.

3

On December 5, 2016, the district court denied Douse's request for punitive and exemplary damages because "any exposure of information was inadvertent and for only a brief period of time." Id.  The court also dismissed all of the claims brought by the plaintiffs in the Camp Lejeune litigation. Id. at 1365.  An appeal from the final judgment in that case is pending in this Court.

## B. Two Prior Lawsuits Predicated on this Disclosure

Meanwhile, on September 30, 2016, Douse filed a pro se civil action against DOJ attorney Bain in Georgia state court.  In that complaint, he alleged common-law tort claims and a constitutional claim under the Fourth Amendment, based on Bain's wrongful disclosure of Douse's medical and personal information during the Camp Lejeune litigation.

The government removed the state action to the federal district court for the Northern District of Georgia, pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(2), which provides that, if the Attorney General certifies that a tort claim against a federal employee is premised on actions taken within the scope of his employment, (1) any civil action commenced on that claim in state court "shall be removed . . . at any time before trial" to federal district court, (2) the United States is substituted as the defendant, and (3) the case proceeds under the Federal Tort Claims Act ("FTCA").  See 28 U.S.C. § 2679(d)(2).  However, the United States

4

may not be substituted as a defendant when a claim "is brought for a violation of the Constitution."  28 U.S.C. § 2679(b)(2).

As such, after the United States certified that Bain was acting in his capacity as a government attorney when he disclosed Douse's medical and personal information, the case was removed to the federal district court and the United States was substituted as the defendant for all of Douse's claims against Bain, except for Douse's Fourth Amendment constitutional claim.

Ultimately, on December 30, 2016, the district court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6).  First, the district court dismissed the Fourth Amendment claim against Bain because (1) Bain was not properly served with the complaint, (2) he was entitled to qualified immunity, and (3) an improper disclosure of private information cannot form the basis of a Fourth Amendment violation.  The court dismissed the remaining claims against the United States because the complaint was an improper "shotgun pleading" that failed to comply with Federal Rules of Civil Procedure 8 and 10.  The court also dismissed the complaint for lack of subject matter jurisdiction because Douse suffered no injury from the disclosure of his medical and personal information because he "waived his privacy rights" in the records by voluntarily submitting them as proof of his personal injuries in the Camp Lejeune lawsuit.  Douse

5

appealed from this order, but this Court dismissed the appeal for want of prosecution.

A few days after filing his civil action in state court, on October 4, 2016, Douse filed another lawsuit in federal district court predicated on the same disclosure of his medical and personal information by attorney Bain. This time, Douse filed a pro se FTCA personal injury action against the United States, alleging that the United States wrongly placed that information onto the docket in the Camp Lejeune litigation.

On January 6, 2017, the district court dismissed this second complaint under Rule 12(b)(6) as well. As in the other lawsuit, the district court concluded that Douse failed to allege an injury based on the inadvertent disclosure of his medical and personal information. This Court dismissed Douse's appeal from this order for want of prosecution too.

## C. The Present Civil Action

That brings us to the instant civil action, which is Douse's third pro se lawsuit based on DOJ attorney Bain's inadvertent disclosure of his medical and personal information during the Camp Lejeune litigation. On February 1, 2018, Douse filed a complaint in Georgia state court against the United States and Bain,

6

alleging that Bain's filing violated his Fourth Amendment right to privacy, as well as various federal statutes and state law provisions.[1]

Invoking the Westfall Act again, the United States certified that attorney Bain was acting in the scope of his federal employment at the time of the incident out of which Douse's claims arose and removed the case to the federal district court in the Northern District of Georgia. And, as in his prior lawsuit, the United States was substituted as defendant for all of Douse's claims, except for his Fourth Amendment claim against Bain.

Both the United States and Bain then moved to dismiss the complaint asserting, among other things, that Douse's claims were barred by res judicata because they were litigated in the prior actions.

The district court granted the motions to dismiss. As to the United States, the district court concluded that the FTCA claims were barred by the statute of limitations and that all of Douse's claims against the United States were barred by claim preclusion, as they were a "rehash of two nearly identical complaints filed by [Douse] in 2016 and dismissed by this [c]ourt." Similarly, the district court concluded that the claims against Bain were foreclosed by the immunity granted in the Westfall Act, except for the Fourth Amendment claim, and the entire action

---

[1]Douse also named as defendants the Eleventh Circuit Clerk of Court and the Northern District of Georgia Clerk of Court. At Douse's request, the district court dismissed those defendants from the case.

was barred by res judicata because it was based on Bain's same disclosure of medical and personal information as in Douse's prior lawsuits. The district court noted as well that Douse "does not complain of any search or seizure in any constitutionally-recognized sense" and the disclosure of information already in the government's hands does not constitute a Fourth Amendment violation.

## II. STANDARD OF REVIEW

The district court's Rule 12(b)(6) dismissal is subject to plenary review. Lane v. Philbin, 835 F.3d 1302, 1305 (11th Cir. 2016). The district court's application of res judicata is a question of law which we review de novo. Griswold v. Cty. of Hillsborough, 598 F.3d 1289, 1292 (11th Cir. 2010). Additionally, we review de novo questions of statutory interpretation. United States v. DBB, Inc., 180 F.3d 1277, 1281 (11th Cir. 1999).

## III. DISCUSSION

### A. Westfall Act Certification

On appeal, plaintiff Douse challenges the validity of the United States' statutory certification that Bain was acting within the scope of his employment when he improperly disclosed Douse's medical and personal information. According to Douse, the scope-of-employment certification filed in his case is insufficient because the Westfall Act requires that certification to be made by the Attorney General. Here, the certification was done by James G. Touhey, Jr., the

8

Director of the Torts Branch of the Civil Division of the DOJ, and not the Attorney

General. This argument is unavailing.

"The Federal Employees Liability Reform and Tort Compensation Act of

1988, commonly known as the Westfall Act, accords federal employees absolute

immunity from common-law tort claims arising out of acts they undertake in the

course of their official duties." Osborn v. Haley, 549 U.S. 225, 229, 127 S. Ct.

881, 887 (2007). When a federal employee is sued for wrongful conduct, the

statute empowers the Attorney General to certify that the employee "was acting

within the scope of his office or employment at the time of the incident out of

which the claim arose." 28 U.S.C. § 2679(d)(1), (2). Upon such certification, the

United States is substituted as defendant in place of the employee and the litigation

is thereafter governed by the FTCA. Osborn, 549 U.S. at 230, 127 S. Ct. at 888. If

the action is commenced in state court, the Westfall Act calls for its removal to a

federal district court and renders the Attorney General's certification conclusive

for purposes of removal. 28 U.S.C. § 2679(d)(2); Osborn, 549 U.S. at 230, 127 S.

Ct. at 888.

Significantly though, the Attorney General may delegate this certification

authority. 28 U.S.C. § 510. And in fact, the Attorney General has delegated this

authority to the Director of the Torts Branch of the Civil Division of DOJ. 28

C.F.R. § 15.4(a) ("[A]ny Director of the Torts Branch, Civil Division, Department

of Justice, is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose.")  Contrary to Douse's arguments then, Touhey's scope-of-employment certification filed in this case was sufficient under the Westfall Act.  Thus, the case was properly removed to the federal district court, and the court correctly accorded Bain immunity on Douse's tort claims.

## B. Res Judicata

In addition, plaintiff Douse argues that the district court misapplied the doctrine of res judicata to his case.  We disagree.

Under the doctrine of res judicata (also known as claim preclusion), a claim is barred by a prior suit if: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties . . . are identical in both suits; and (4) the same cause of action is involved in both cases." Griswold, 598 F.3d at 1292 (quotation marks omitted).  All four conditions are met here.

First, there was a final judgment on the merits in Douse's two prior civil actions because the district court dismissed both of his complaints for failure to state a claim for relief pursuant to Rule 12(b)(6).  Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3, 101 S. Ct. 2424, 2428 n.3 (1981) ("[A] dismissal for

10

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." (quotation marks omitted)); NAACP v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990) (same). Second, the dismissals were rendered by a court of competent jurisdiction because Douse's first state court action was properly removed to the federal district court in the Northern District of Georgia under the Westfall Act, and his second federal action involved a federal claim and properly invoked the jurisdiction of that federal district court. See 28 U.S.C. §§ 1331, 2679(d)(2). Third, the parties are identical in the actions as all involved Douse, Bain, and the United States. Fourth, the cases involve the same cause of action because the claims Douse raised in each are based upon the same incident— that is, on February 4, 2016, Bain publicly disclosed Douse's medical and personal information in the Camp Lejeune litigation. See Griswold, 598 F.3d at 1293 ("If a case arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action, the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." (alterations and quotation marks omitted)).

As can be reasonably construed, Douse's arguments on appeal relate to the second prong of the res judicata analysis—that the prior decisions were made by a court of competent jurisdiction. Specifically, Douse argues that Bain's and the United States' removal of his first action from Georgia state court was untimely

11

under 28 U.S.C. §§ 1442(a) and 1446(b), and therefore the suit was not properly in the federal district court.  For this reason, he also argues that the state court should have entered a default judgment in his favor in that first state action.

Douse is correct that § 1442(a) provides for the removal of an action against a federal officer and that § 1446(b) generally requires that removal be accomplished within 30 days of the federal officer's receipt of the complaint.[2] However, this case was removed pursuant to the Westfall Act, which provides that removal may take place "at any time before trial."  28 U.S.C. § 2679(d)(2) (stating that once the Attorney General certifies that a tort claim against a federal employee is premised on actions taken within the scope of his employment, any civil action commenced upon such a claim in state court "shall be removed . . . at any time before trial" to federal district court).  Douse does not dispute on appeal, and it appears to us, that a trial in that first state court action was never scheduled, much less held, and thus the removal was timely.  Accordingly, Douse's arguments regarding the propriety of the district court's jurisdiction over his prior lawsuit

---

[2] 28 U.S.C. § 1442(a) provides in relevant part that, "[a] civil action . . . commenced in a State court against or directed to any of the following may be removed by them to the district court of the United States . . . (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States . . . ."  In turn, 28 U.S.C. § 1446(b) states in relevant part that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

have no merit.  We therefore conclude that the district court properly dismissed

Douse's claims under the doctrine of res judicata.[3]

## IV.  CONCLUSION

For the foregoing reasons, we affirm the district court's dismissal of Douse's

complaint under Rule 12(b)(6).

**AFFIRMED.**

---

[3]Douse raises several arguments on appeal regarding the merits of his claims against Bain and the United States.  For example, Douse contends that he presented sufficient evidence that Bain unlawfully disclosed his medical and personal information and thus he is entitled to money damages.  Because we conclude that his claims are barred under the doctrine of res judicata, we do not address the merits of his claims.

13