[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  19-13189
Non-Argument Calendar

_____

D.C. Docket No. 3:19-cv-00161-BJD-JRK


MARGUERITE SMITH,

                                             Plaintiff - Appellant,

versus

SECRETARY OF VETERANS AFFAIRS,
JULIANNA BOOR,
Director, Department of Veterans Administration
St Petersburg Office: in her individual personal capacity,

                                             Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 3, 2020)

Before WILSON, BRANCH, and ANDERSON, Circuit Judges

PER CURIAM:

Marguerite Smith, proceeding *pro se*, appeals the district court's dismissal with prejudice of her complaint on the grounds that her claims failed to state a claim and were barred by *res judicata*. The Secretary of Veterans Affairs has moved for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). An appeal is frivolous if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

We review *de novo* a district court's grant of a motion to dismiss with prejudice. *Young Apartments, Inc. v. Town of Jupiter, FL*, 529 F.3d 1027, 1037 (11th Cir. 2008). To prevent dismissal under Rule 12(b)(6), the plaintiff must allege sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Claims are plausible when the plaintiff pleads facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* pleadings are held to a less-strict standard than counseled pleadings and are

2

liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

When ruling on a Rule 12(b)(6) motion to dismiss, the district court is permitted to take judicial notice of public records without needing to convert the motion into a motion for summary judgment, an action which would require that the non-moving party receive notice of the movant's submissions in order to address their relevance. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276-78 (11th Cir. 1999). Under Federal Rule of Evidence 201, the district court may take judicial notice of a fact that is (1) generally known within the court's jurisdiction, and (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201.

Under the doctrine of *res judicata*, or claim preclusion, a claim is barred by a prior suit if: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties . . . are identical in both suits; and (4) the same cause of action is involved in both cases." *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010) (quotation omitted). Generally, an order dismissing a complaint is not final and appealable unless the order holds that it dismisses the entire action or that the complaint cannot be saved by amendment. *Garfield v. NDC Health Corp*, 466 F.3d 1255, 1260 (11th Cir. 2006). However, where a complaint is dismissed without prejudice and the plaintiff files an

appeal instead of amending the complaint, the dismissal becomes final and appealable and the plaintiff waives the right to later amend the complaint. *Id.* at 1260-61. Two cases are the same for purposes of *res judicata* "if a case arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action." *Griswold*, 598 F.3d at 1293.

In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court held that injured plaintiffs could bring a cause of action for damages against federal officers based on violations of their constitutional rights. *Id.* at 395-96. We generally apply the same law to both *Bivens* and 42 U.S.C. § 1983 cases. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). However, the Supreme Court has held that "[g]overnment officials may not be held liable [under *Bivens*] for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

As an initial matter, while the parties argue on appeal as if the district court converted the motion to dismiss into a motion for summary judgment, the fact that the district court looked at prior court records, which were referenced by the Secretary in his motion to dismiss, did not require the court to convert the motion. *See Bryant*, 187 F.3d at 1276-78. The district court implicitly took judicial notice of Smith's prior action because the prior orders were public record, known within the trial court's jurisdiction—as it was the court that issued the orders, and can be

4

accurately and readily determined. *See* Fed. R. Evid. 201. However, even if the district court erred in not converting the motion to dismiss into a motion for summary judgment, such an error is harmless because Smith was already on notice of her prior case, the district court gave her 17 days to respond to the Secretary's motion, and she responded. Additionally, although Smith's complaint purports to bring a cause of action under § 1983, because Smith is suing a federal officer, it is construed as a claim brought pursuant to *Bivens.*

Here, there is no substantial question that Smith's complaint is barred by *res judicata* and that her complaint failed to state a claim. *See Groendyke Transp., Inc.*, 406 F.3d at 1162. First, despite the fact that Smith's prior case was dismissed without prejudice, the case constitutes a final judgment on the merits because Smith waived her right to further amend her complaint by seeking to appeal the dismissal, which we summarily affirmed, and because the district court's dismissal was for failure to state a claim. *See Garfield*, 466 F.3d at 1260-61. Further, Smith's prior case (1) involved the same parties—namely, Smith and the Secretary, and (2) involved the same claim because both cases arise out of the same loan guarantee and the alleged actions of VA employees in relation to that loan guarantee. (*See* doc. 27 at 1-4). Thus, Smith's present complaint is barred by *res judicata*. *See Griswold*, 598 F.3d at 1292.

Additionally, there is no substantial question that Smith's complaint failed to state a claim. Smith purported to sue the Secretary in his individual capacity, yet the complaint never alleged actions that the Secretary himself committed, only referring to the actions of VA employees in general. Even construing the complaint liberally, as suing the Secretary in his official capacity, Smith has failed to state a claim because government officials cannot be held liable for any unconstitutional conduct by their subordinates under *Bivens*. *Iqbal*, 566 U.S. at 676. According, summary affirmance is appropriate. *See Groendyke Transp., Inc.*, 406 F.3d at 1162.

Moreover, the arguments raised by Smith in her appeal are frivolous because they are without arguable merit in law or fact. *See Napier*, 314 F.3d at 531. First, her argument that the Secretary was barred from obtaining summary judgment because he failed to timely file an answer is meritless because the Secretary timely filed a motion to dismiss and, thus, did not have to file an answer until 14 days after the district court resolved his pending motion. Second, her argument that the district court denied her procedural due process rights by failing to grant her a default judgment is meritless because the Secretary was not in default, as he had filed a timely motion to dismiss. Her third argument that the district court failed to give her 10 days' notice is moot because the district court gave her 17 days to respond to the Secretary's dispositive motion, and she responded within 6 days. Lastly, Smith's

fourth argument is meritless because district courts do have the power to reverse orders.

Therefore, because there is no substantial question that Smith's complaint fails to state a claim and is barred by *res judicata*, and because her arguments on appeal are frivolous, we GRANT the appellees' motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  Accordingly, we DENY the accompanying motion to stay the briefing schedule as moot.