[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11639

Non-Argument Calendar

_____

STEVEN CLAYTON THOMASON,

Plaintiff-Appellant,

*versus*

DEUTSCHE BANK NATIONAL TRUST COMPANY,
as Trustee for Home Equity Mortgage Loan Asset-
Backed Trust Series INABA 2006-A, Home Equity
Mortgage Loan asset-Backed Certificates Series
INABS 2006-A8,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:20-cv-00292-WKW-KFP

————————————

Before JORDAN, NEWSOM, and BLACK, Circuit Judges.

PER CURIAM:

Steven Thomason, proceeding *pro se*, appeals following the district court's dismissal of his civil complaint alleging Deutsche Bank National Trust Company (Deutsche Bank) illegally foreclosed on his property, in violation of Alabama law. Thomason raises several issues on appeal, which we address in turn. After review, we affirm the district court.

## I.  BACKGROUND

In 2005, Thomason's wife borrowed money from a lender to purchase property located in Montgomery, Alabama (the Property). She executed two promissory notes (the Notes) at closing. As security for the Notes, she and Thomason executed two separate mortgages to the lender's nominee. The Thomasons defaulted on the Notes, and Thomason's wife died in October 2009. In February 2011, the lender's nominee transferred and assigned the first mortgage to Deutsche Bank as Trustee. Deutsche Bank, in turn, notified Thomason it had accelerated the unpaid balance of the debt and intended to seek nonjudicial foreclosure of the Property.

Before the foreclosure was scheduled to take place, Thomason filed actions against Deutsche Bank and other defendants to stop the foreclosure or to obtain damages for wrongful foreclosure and other improprieties. Thomason filed *Thomason v. OneWest Bank, FSB, et al.*, No. 2:12-cv-00604-MHT-WC (*Thomason I*), a *pro se* complaint in the Middle District of Alabama alleging various mortgage-based claims under federal law. The district court disposed of *Thomason I* in stages, and eventually granted summary judgment to the defendants. As he was litigating *Thomason I*, Thomason filed *Thomason v. Ocwen Loan Servicing, LLC et al.*, No. 2:19-cv-00256-ECM-SMD (*Thomason II*), a *pro se* complaint in the Circuit Court of Montgomery County that was removed to federal court, alleging several state law claims relating to the mortgage. The district court also dismissed this case with prejudice.

In 2020, Thomason filed the instant action, a *pro se* complaint against Deutsche Bank in the Circuit Court of Montgomery County. After the bank removed the case to federal court, he filed a counseled amended complaint against Deutsche Bank seeking, *inter alia*, a permanent injunction against foreclosure of the Property, and a claim for "wantonness." The district court dismissed Thomason's complaint because, among other reasons, *Thomason I* and *Thomason II* meant *res judicata* barred his claims.

## II.  DISCUSSION

*A.  Removal*

Thomason asserts the district court lacked removal jurisdiction because the parties were not completely diverse because Deutsche Bank's attorneys were from Alabama, and the $75,000 threshold was unsatisfied. A defendant may remove any civil action brought in a state court to a federal district court that has original jurisdiction over the action.  28 U.S.C. § 1441(a).  Federal courts have diversity-of-citizenship jurisdiction when the parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  National banking associations are deemed citizens of the States in which they are "respectively located."  28 U.S.C. § 1348.  A national bank is "respectively located" in the State in which its main office is located, as set forth in its articles of association.  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).

The district court had diversity jurisdiction over the action and thus did not err in removing this case to federal court.  *See Holston Invs., Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012) (stating whether a court has subject-matter jurisdiction, including diversity jurisdiction, is a question of law that we review *de novo*).  First, Thomason was a citizen of Alabama, and Deutsche Bank was a national bank association with its main office in California; thus the parties were diverse.  Deutsche Bank's attorneys did not affect the citizenship of the parties because they were not parties to the action.  Second, the amount in controversy based

on the value of the Property ($114,200), the amount due on the mortgage ($145,529), and Thomason's listed expenses ($117,000) totaled more than $75,000. Accordingly, the district court had jurisdiction and we affirm in this respect.

*B.* Res Judicata

Thomason contends *res judicata* did not apply because (1) no court had addressed Deutsche Bank's 2018 attempted foreclosure of the Property, (2) the district court in *Thomason II* improperly denied his claim, and (3) the bank's foreclosure was prohibited under the Servicemembers Civil Relief Act because he transferred title to his daughter who was called to active military duty in 2018.

*Res judicata* bars a plaintiff from raising a claim that has been previously litigated where "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010) (quotation marks omitted). "If a case arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action, the two cases are really the same claim or cause of action for purposes of res judicata." *Baloco v. Drummond Co., Inc.*, 767 F.3d 1229, 1247 (11th Cir. 2014) (quotation marks omitted and alterations adopted). "In addition, res judicata applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the

nucleus of operative fact" that could have been raised in the prior case. *Id.* (quotation marks omitted).

The district court did not err in dismissing Thomason's complaint due to *res judicata*. *See Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000) (reviewing dismissal based on *res judicata de novo*). Thomason did not challenge the first three elements of *res judicata,* and the record shows these elements were met. First, the district court had jurisdiction in *Thomason I* and *II.* 28 U.S.C. § 1331 (providing district courts have jurisdiction over civil actions arising under the laws of the United States); 12 U.S.C. § 1819(b)(2)(A), (B) (stating all civil suits involving the FDIC are deemed to arise under the laws of the United States and it can remove a case in which it is a party to federal court). Second, Deutsche Bank was a party in all three actions. *Griswold*, 598 F.3d at 1292. Third, there were final judgments on the merits in the previous cases. *Id.*

Fourth, the causes of action were functionally the same because they arose from the same factual nucleus—all involved the same mortgages and subsequent default. *See Baloco*, 767 F.3d at 1247. Thomason used these events to first allege "illegal foreclosure" under federal law, then to allege apparent state law claims of "interference with inheritance" and illegal foreclosure, and, in this case, sought an injunction and to raise a claim for wanton foreclosure. Despite his contention he could not have previously litigated the June 28, 2018, foreclosure notice, he filed *Thomason II* one month later, and *res judicata* bars claims that could have been

brought earlier but were not. *Id.* Moreover, Thomason moved to amend his complaint to add claims challenging the June 28, 2018, foreclosure notice, but the district court denied that motion on grounds of futility and Thomason did not appeal that denial.

His argument the *Thomason II* district court wrongly failed to consider some of his arguments is unavailing because *res judicata* prevents relitigation of wrongly decided issues. *See B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 157 (2015) ("Issue preclusion prevents relitigation of wrong decisions just as much as right ones." (quotation marks omitted and alterations adopted)). Finally, the district court did not err in declining to consider Thomason's Servicemembers Civil Relief Act claim, because he could not amend his complaint via a response to Deutsche Bank's motion to dismiss. *See Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (quotation marks omitted)). Thus, we affirm in this respect.[1]

---

[1] The district court also dismissed Thomason's case under Federal Rule of Civil Procedure 12(b)(6) because (1) he provided no legal or factual support for his "interference-with-property-rights theory, (2) there was no statute of limitation for foreclosing on a mortgage under Alabama law, and (3) there was no tort action for wanton mortgage servicing under Alabama law. Even if we were to assume, *arguendo*, that *res judicata* did not apply, we would affirm the district court's conclusion that Thomason's complaint failed to state a claim upon which relief could be granted.

8                        Opinion of the Court                    21-11639

*C. Injunction*

Thomason also asks us to issue an injunction to prevent Deutsche Bank from foreclosing on the Property.

Thomason's initial brief, liberally construed, asks us to grant him an injunction to prevent Deutsche Bank from foreclosing on the Property while his appeal is pending, which is permissible under Federal Rule of Appellate Procedure 8. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed." (quotation marks omitted)). However, the record, as supplemented,[2] shows Thomason's request for injunctive relief is now moot because the Property was sold in September 2021 following a foreclosure. *See Fla. Ass'n of Rehab. Facilities v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000) ("When events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the

---

[2] After Thomason submitted his initial brief, Deutsche Bank moved us for leave to supplement the record with a foreclosure deed, recorded October 1, 2021, reflecting a sale of the Property, because it shows that Thomason's request for injunctive relief enjoining the foreclosure sale of the Property is now moot. We GRANT Deutsche Bank's motion to supplement the record with the foreclosure deed for the Property because it helps us determine whether we should dismiss a portion of Thomason's appeal — relating to his request for injunctive relief — for lack of jurisdiction. *See Vital Pharms., Inc. v. Alfieri*, 23 F.4th 1282, 1288 (11th Cir. 2022) (stating we have deemed supplementation of the record appropriate where supplemental material contains facts that illuminate a mootness issue).

21-11639              Opinion of the Court              9

plaintiff meaningful relief, the case is moot and must be dismissed."). As we can no longer prevent the foreclosure of the Property, we dismiss Thomason's request for injunctive relief as moot.

## III.  CONCLUSON

We affirm the district court's dismissal of Thomason's amended complaint and dismiss his request for injunctive relief.

**AFFIRMED in part, DISMISSED in part.**