[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15589
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cv-80638-RLR



HUSSAIN KAREEM,

Plaintiff-Appellant,

versus

OCWEN LOAN SERVICES, LLC,
CITIBANK, N.A.,
as Trustee for AHMAT 2006-3,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 22, 2018)

Before WILLIAM PRYOR, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Hussain Kareem appeals the dismissal with prejudice of his second amended complaint that Ocwen Loan Services, LLC, and Citibank, N.A., violated federal and state law by seeking to collect payments on a refinanced residential mortgage loan that Kareem had rescinded. We affirm.

In July 2006, Kareem executed a promissory note and security deed in favor of American Brokers Conduit in exchange for a loan that he used to refinance the mortgage on his residence in Lawrenceville, Georgia. After a series of transfers, American Home Mortgage Servicing, Inc., acquired the rights to service Kareem's loan and then merged with Ocwen. Later, the "grantee" of the loan, Mortgage Electronic Registration Systems, Inc., assigned Kareem's loan to Citibank as the Trustee for American Home Mortgage Assets Trust 2006-3. Meanwhile, in October 2008, Kareem mailed a notice to American Home to rescind the loan.

In November 2009, Kareem sued American Home, Mortgage Electronic Systems, and others for their alleged violations of his civil rights, consumer protection laws, and Georgia law, but the Northern District of Texas entered summary judgment in favor of the defendants. The court rejected Kareem's complaints that the defendants violated Georgia law by continuing to demand payment after rescission on the ground that Kareem could not rescind a contract from which he continued to benefit by using its proceeds to remain in his house. The court ruled that Kareem's claim that the defendants violated the Truth in

2

Lending Act was untimely and his claim that they violated his civil rights failed for lack of state action. The court also ruled that the defendants were loan servicers instead of debt collectors under the Fair Debt Collection Practices Act; that American Home timely had acknowledged Kareem's only "qualified written request" for information as required by the Real Estate Settlement Procedures Act; and that the assignment of a new number to Kareem's loan account did not constitute a material misrepresentation or a breach of a duty owed under Georgia law. The Fifth Circuit Court of Appeals affirmed. *Kareem v. Am. Home Mortg. Servicing, Inc.*, 479 F. App'x 619 (5th Cir. 2012).

Kareem filed a *pro se* complaint in the district court against Ocwen and Citibank, and later hired counsel to help him file his second amended complaint. In the amended complaint, Kareem sought a declaration that his promissory note and security deed were invalid and that American Brokers "and its alleged successors in interest, including both Ocwen and Citibank, had no right to receive payment on the mortgage loan" because American Brokers, which "stated to be a New York corporation, was not in fact incorporated in . . . 2006 or subsequently," "was not licensed as a mortgage lender in Georgia," and "did not have authority to do business in Georgia." Kareem also sought monetary damages for alleged violations by Ocwen and Citibank of the Debt Collection Practices Act, the Truth in Lending Act, the Credit Reporting Act, the Real Estate Settlement Act, and the Federal

3

Trade Commission Act, and for their alleged breach of the duty of good faith and fair dealing. Kareem alleged that the companies were "debt collectors" and violated consumer protection laws by seeking repayment of the loan that he had rescinded, by failing to "investigate or address" his "request[s] . . . [to] revisit the issue of rescission . . . [and to] correct various billing and servicing errors," and by refusing to "refrain from reporting his mortgage loan account . . . [as] delinquent" or from "threaten[ing] foreclosure." Kareem also alleged that Ocwen had "provided a bogus telephone number" for Citibank, and that Citibank, as the Trustee for American Home Mortgage Assets Trust, had not responded to his "certified notices of 'Change in Note Holder.'"

Ocwen and Citibank moved to dismiss the second amended complaint, and the district court granted the motion. *See* Fed. R. Civ. P. 12(b)(6). The district court ruled that Kareem's claims concerning the Debt Collection Practices Act, the Credit Reporting Act, and the Real Estate Settlement Act were barred by collateral estoppel because he could not relitigate the validity of his "purported 2008 rescission of his mortgage loan" and by res judicata because "he raised (or could have raised) [his claims] against Defendants' privy in the prior action." The district court also ruled that Kareem "offered no legal authority" to invalidate the promissory note and security deed under Georgia law; that Citibank could not be liable under the Truth in Lending Act because Kareem "alleged no TILA violation

4

that was apparent at the time of assignment"; that Kareem could not "maintain an independent cause of action for breach of the duty of good faith and fair dealing under Georgia law"; that he could not pursue "a private cause of action" under section 5 of the Trade Commission Act; and that it would be futile for Kareem to file a third amended complaint. Later, the district court denied Kareem's motions to reconsider and to file a third amended complaint.

This appeal requires that we apply two standards of review. We review *de novo* a dismissal for failure to state a claim. *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1240 (11th Cir. 2012). We review the denial of a motion for leave to amend a complaint for abuse of discretion. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1074 (11th Cir. 2017).

The district did not err by dismissing Kareem's complaint to declare his promissory note and security deed invalid. Kareem cited no authority to support his allegations that the loan instruments were unenforceable. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff[] [is] obligat[ed] to provide the grounds of his entitlement to relief"). Kareem opposed dismissal of his complaint based on section 7-1-1013 of the Georgia Code, but that provision prohibits "any person transacting a mortgage business in or from" Georgia from making misrepresentations to or failing to act in good faith with borrowers, Ga. Code Ann. § 7-1-1013. And Georgia imposes criminal punishment instead of providing a civil

remedy for conducting "a mortgage business without a license or exemption," *id.* § 7-1-1019. *See Anthony v. Am. Gen. Fin. Servs., Inc.*, 697 S.E.2d 166, 172 (Ga. 2010) ("[T]he public policy advanced *by* a penal statute, no matter how strong, cannot support the implication of a private civil cause of action that is not based on the actual provisions *of* the relevant statute."). As the district court stated, Kareem provided no "plausible basis for [a] declaration" invalidating the loan instruments.

The district court correctly dismissed Kareem's complaints that Ocwen and Citibank violated the Debt Collection Practices Act, the Credit Reporting Act, and the Real Estate Settlement Act. Kareem's complaints are based on his purported 2008 rescission of the loan, which is an issue that was decided in his earlier action and that he is barred from relitigating under the doctrine of collateral estoppel. *See Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1293 (11th Cir. 2003). And Kareem is barred by res judicata from asserting claims under consumer protection laws that he raised or could have raised in the earlier action. *See Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1292–93 (11th Cir. 2010). Kareem argues that res judicata does not bar his complaint that Ocwen violated a recent amendment to the Real Estate Settlement Act, 12 U.S.C. § 2605(k). Kareem alleged that Ocwen violated the Act by failing "to acknowledge [his] rescission notice, to correct . . . [various billing and accounting] errors . . . for purposes of avoiding foreclosure and to salvage his credit and reputation . . . and continu[ing] to furnish negative credit

6

information with respect to [his] mortgage loan account . . . ." Because Kareem's complaint "is based upon the same factual predicate[] as [his] former action, [his] two cases [are] really the same 'claim' or 'cause of action' for purposes of res judicata." *See Griswold*, 598 F.3d at 1293 (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th Cir. 1999)).

The district court also did not err by dismissing Kareem's complaint concerning the Truth in Lending Act. Kareem argues that he "never received a notice of new ownership from Citibank," but an assignee of a loan is not subject to liability under the Truth in Lending Act for violations that occur after the loan has been made. *See Evanto v. Fed. Nat'l Mortg. Ass'n*, 814 F.3d 1295, 1298 (11th Cir. 2016). And Kareem does not dispute that he "alleged no TILA violation that was apparent at the time of assignment to Citibank," as required to state a claim of assignee liability. *See id.* Kareem also does not challenge the finding that he "abandoned" his complaint against Ocwen by "conced[ing] that TILA does not impose any liability on the servicer of a mortgage loan."

Kareem has abandoned any challenge that he could have made to the dismissal of his complaints for breach of the duty of good faith and for a violation of the Trade Commission Act. "[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines*

7

*Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). Kareem does not dispute that the covenant of good faith "is not an undertaking that can breached apart from [the explicit] terms" of the contract, *Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F.2d 1414, 1429 (11th Cir. 1990), nor that there is no private right of action available under the Trade Commission Act. We deem abandoned any arguments that Kareem could have made contesting the dismissal of these complaints against Ocwen and Citibank.

The district court did not abuse its discretion when it denied Kareem leave to file a third amended complaint. Kareem argues that the district court failed to provide a reason for denying his motion, but the district court stated that Kareem could not "cure the deficiencies of his Second Amended Complaint" and that "[a]lowing [him] yet another opportunity to amend would . . . be futile." Kareem acknowledges that "futility gives the court a reason to deny requests for leave to amend." And Kareem fails to explain how granting him leave to amend his complaint would not have been futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

We **AFFIRM** the dismissal of Kareem's complaint.