[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10040

Non-Argument Calendar

_____

LINDA A. MENDENHALL,

Plaintiff-Appellant,

*versus*

SECRETARY, DEPARTMENT OF THE AIR FORCE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 2:21-cv-00304-KD-B

_____

Before NEWSOM, ABUDU, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Linda Mendenhall, proceeding *pro se*,[1] appeals the district court's *sua sponte* order dismissing her action asserting discrimination and retaliation under Title VII of the Civil Rights Act of 1964. Mendenhall argues that, as a civilian employee with the Air Force, her supervisor discriminated against her by requiring her to stand during meetings and making comments about her legs despite her physical disability. Mendenhall also argues that numerous errors occurred in Equal Employment Opportunity Commission ("EEOC") proceedings related to her termination. Having read the parties' briefs and reviewed the record, we affirm the district court's dismissal order.

## I.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim, accepting all plausible factual allegations in the complaint as true. *Evanto v. Fed. Nat'l Mortg. Ass'n*, 814 F.3d 1295, 1297 (11th Cir. 2016).

## II.

A district court has "broad powers under the Federal Rules of Civil Procedure . . . to enforce its orders and ensure prompt disposition" of cases, and we review such actions taken by a district

---

[1] Interestingly, the district court noted that Mendenhall was a licensed attorney in the State of Alabama.

court for abuse of discretion. *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). A party may amend its pleading once as a matter of right; any further amendments may be made only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a).

While *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed, a court may not "serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation marks omitted). "[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). An appellant fails to adequately brief a claim when he or she does not "plainly and prominently raise it," such as by making only passing references to the court's holding without advancing any arguments or citing any authorities to establish that the holding was error. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted). We may exercise our discretion to consider a forfeited issue if: "(1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party lacked an opportunity to raise the issue at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern." *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir.) (*en banc*), *cert. denied*, ___ U.S. ___, 143 S. Ct. 95 (2022).

### III.

The record here demonstrates that Mendenhall has abandoned any purported challenge to the district court's *sua sponte* dismissal of her complaint for failure to state a claim, failure to comply with the Federal Rules of Civil Procedure, and failure to comply with the district court's orders. Even when construing her brief liberally, Mendenhall fails to challenge any of the district court's findings regarding the deficiencies in her complaints or identify any error in the district court whatsoever. *See Air Jam. Ltd.*, 760 F.3d at 1168-69. Rather, Mendenhall repeatedly asserts deficiencies that allegedly occurred during an EEOC proceeding, the content of which was not before the district court. Instead of arguing that any of the district court's conclusions were incorrect, Mendenhall repeats a portion of the theory of her case from before the district court without citation to the record or relevant legal authority. Thus, we conclude that Mendenhall has abandoned any challenge to the district court's dismissal of her claims. *See Timson*, 518 F.3d at 874; *Sapuppo*, 739 F.3d at 681.

Accordingly, based on the aforementioned reasons, we affirm the district court's order dismissing Mendenhall's Title VII complaint.

**AFFIRMED.**