[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11491

Non-Argument Calendar

_____

GEORGE BALDWIN HUTCHINSON, JR.,
G. BALDWIN: HOUSE OF HUTCHINSON:MAN,

Plaintiffs-Appellants,

*versus*

PEOPLE IN KEY ROLES OF OFFICES OF DIRECTOR AND
CHIEF COUNSEL OF DEFENSE FINANCE AND
ACCOUNTING SERVICE,
DFAS, et al.,

Defendants,

UNITED STATES OF AMERICA,
TERESA (TERRI) MCKAY,

Defense Finance and Accounting Service (DFAS) et'al Director, (Former),
DWIGHT D. CREASY,
Defense Finance and Accounting Service (DFAS) et'al Director, (Current),
DIRECTOR AND CHIEF COUNSEL (IRS) INTERNAL REVENUE SERVICE et'al BERKET ARAIA,
Operations Manager AUR/ Agent,
AUDREY Y. DAVIS,
Defense Finance and Accounting Service (DFAS) et'al Director: (Current),

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-03715-LMM

————————————————

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

George Hutchinson, proceeding *pro se*, appeals the district court's dismissal of his civil complaint in part for insufficient service of process and in part for failure to state a claim. After review, we affirm.

## I.    Background

On August 21, 2023, Hutchinson filed a *pro se* complaint, pursuant to 42 U.S.C. §§ 1983 and 1985, against the following parties in their official capacity: Audrey Davis, the current director of the Defense Finance and Accounting Service ("DFAS"); Teresa McKay, the former director of DFAS; Dwight Creasy, Chief Counsel of DFAS; the IRS; Berket Araia, "Operations Manager AUR/Agent"; the Georgia Department of Revenue ("GDOR"); David Curry, GDOR revenue commissioner for the year 2020; Robyn Crittenden, GDOR revenue commissioner for the year 2021 or the current revenue commissioner;[1] and GDOR "Director Audits Division Year 2020 Chester Cook."  Hutchinson generally alleged that while he was deployed with the military between 2009 and 2013, his ex-wife made fraudulent child support claims to North Carolina Child Support Enforcement ("NCSE"), and NCSE took action on these claims.  He alleged that upon his medical discharge from the military sometime between 2015–2017, he began investigating these financial discrepancies, and he reported the alleged violations of his rights under the Servicemembers Civil Relief Act to DFAS.

Hutchinson further alleged that, in retaliation for his complaint, DFAS falsely reported him to the IRS for non-payment of deployment taxes for the year 2015.  Accordingly, he generally asserted the following claims: (1) breach of contract; (2) violations

---

[1] Frank O'Connell was the revenue commissioner when Hutchinson filed the complaint.

of the Servicemembers Civil Relief Act; (3) "retaliation and abuse of power" by DFAS and the IRS; (4) "intentional emotional harm"; and (5) "misuse of tax regulations."[2]  He sought $10 million in damages and requested several injunctions.

Hutchison subsequently filed with the court a document entitled "Notice of Certificates of Service Upon Said Defendants" for Crittenden, Cook, Curry, Araia, McKay, Creasy, and Davis. The document included for each defendant a copy of the summons; a proof of service form where Hutchinson checked a box stating that he "served the summons" but left the remainder of the form blank (no process server was listed); and a typed certificate of service, indicating that he served "the foregoing Summons" on each defendant electronically via CM/ECF[3] and by U.S. mail, with the sender's portion of the certified mail receipts attached.[4]

Defendants GDOR, Curry, Crittenden, O'Connell, and Cook (collectively, the GDOR defendants) filed a motion to

---

[2] Hutchinson appeared to acknowledge in his complaint that his claims were outside the applicable statute of limitations, but asserted that he was entitled to equitable tolling "due to [his] PTSD."

[3] Although he was *pro se*, Hutchinson received permission to receive electronic notifications from the court's electronic filing system.  However, he was not granted permission to file via the electronic filing system.

[4] On September 14, 2023, Hutchinson filed a notice with the court stating that there were errors in the above mailings, which were remedied and re-served via U.S. certified mail on September 13.

dismiss, asserting, as relevant to this appeal, that the complaint failed to state a claim against them.

Hutchinson in turn filed a motion for an extension of time to respond to the motion to dismiss, arguing that the GDOR defendants needed to amend their motion because, prior to its filing, his complaint on the court's electronic docket was missing certain pages.

The district court acknowledged that several pages of the complaint were in fact missing due to a docketing error, but it explained that the omission of those pages did not justify Hutchinson's failure to file a timely response to the motion to dismiss. Further, the district court explained that it considered the omitted pages when evaluating GDOR's motion to dismiss, and based on these pages additional briefing by GDOR was not necessary. Thus, the district court denied Hutchinson's motion for an extension of time and granted the motion to dismiss. The court concluded that Hutchinson's complaint failed to state a claim against any of the GDOR defendants because he generally alleged in a single sentence that he "suffered harm due to the actions and abuses of" the GDOR defendants. However, Hutchinson failed to state what the GDOR defendants' actions were or connect those actions to a violation of law. The district court explained that such conclusory assertions were insufficient to state a claim. Moreover, the court concluded that "requiring [Hutchinson] to replead his allegations against these Defendants [was] likely to be unfruitful" because his complaint "seem[ed] primarily concerned with the

actions of [NCSE], the IRS, and DFAS" and "GDOR Defendants' only involvement in [the] case appear[ed] to be the collection of state taxes." Accordingly, the district court dismissed all claims against the GDOR defendants.

Hutchinson subsequently filed a "notice of objection to denial order further clarity on the administrative record," which the district court construed as a motion for reconsideration, arguing that the court erred in granting the motion to dismiss because he stated a claim against GDOR "due to [GDOR's] involvement with the IRS through the IRS's Governmental Liaisons program." Therefore, Hutchinson argued, the IRS's actions "passed on to [GDOR]" when GDOR collected taxes, meaning that GDOR was subsumed in his claims against the IRS. Hutchinson argued that the GDOR also executed a lien against him based on the same activity that gave rise to the IRS lien. The district court denied the motion for reconsideration, noting that Hutchinson's arguments relating to a connection between GDOR and the IRS did not provide grounds for reconsideration because Hutchinson did not allege these facts in his complaint. Moreover, the district court concluded that even if Hutchinson amended his complaint to include these facts, Hutchinson failed to show how these facts indicated that the GDOR defendants violated the law.

In October 2023, Hutchinson filed a motion for default judgment against the remaining defendants based on their alleged failure to respond to the complaint. The district court denied this motion, noting that Hutchinson had to first move for entry of

24-11491                Opinion of the Court                    7

default, but that, even if he moved for entry of default, he would not be entitled to an entry of default because the returns of service filed by Hutchinson did not show that any of the defendants were properly served under Federal Rule of Civil Procedure 4 or Georgia law.

Hutchinson then filed additional proof of service documents with the court. These documents indicated the following: a process server served defendants Davis and McKay at DFAS headquarters on November 13, and service was accepted by an employee named Nate Overby who stated that he would accept service, but there was "no guarantee it would get to the stated [person]"; Hutchinson personally served defendant Aria at the IRS office in Atlanta on November 16;[5] and a process server served defendant Creasy at the DFAS office on November 15, and service was accepted by another employee named Cheryl Darby.

Hutchinson then moved to amend his complaint to add DFAS itself as a defendant and remove the GDOR Defendants "due to [the court's] recent ruling."[6] The district court granted Hutchinson's motion.

In January 2024, Hutchinson filed a motion for entry of default against DFAS, Davis, McKay, Creasy, IRS, and Aria based

---

[5] The proof of service indicated that Hutchinson left the summons with another employee, Barbara Cannon.

[6] However, the amended complaint submitted by Hutchinson only removed the GDOR defendants and did not add DFAS as a party.

on their alleged failure to timely respond to the complaint. He simultaneously filed a motion for default judgment and permanent injunctive relief.

The district court denied the motion for default judgment, concluding that it failed due to lack of proper service. The district court explained that because Hutchinson was suing officers of federal government agencies—McKay, Davis, Creasy, and Araia—in their official capacities, he was required under Federal Rule of Civil Procedure 4 to serve both the individual officers and the United States. And he had failed to properly serve the United States under Rule 4(i)(1). Additionally, the district court concluded that he had failed to serve the individual officers properly. Instead, Hutchinson's affidavits of service indicated that he or a process server delivered the documents to unknown employees, including Nate Overby and Barbara Cannon. Accordingly, the district court ordered Hutchinson to file, within 21 days, either proof of proper service upon the United States and the individual defendants or a response showing cause for why the defendants should not be dismissed for failure to properly effect service of process.

Hutchinson then filed a "motion for service," stating that the United States Attorney General, the Ohio Attorney General,[7] and

---

[7] It is unknown why Hutchinson served the Ohio Attorney General as he was not a named defendant nor did the complaint contain any allegations related to Ohio.

24-11491                Opinion of the Court                9

the Georgia Attorney General had been properly served by certified mail.[8]

On March 4, 2024, the district court issued another order to show cause, noting that Hutchinson had not rectified his failure to effect service.  First, the court explained that Hutchinson had still failed to offer proof that he served a complaint and copy of the summons upon each individually named defendant because his filings showed instead that other individuals with no apparent relation to the defendants were served.  Second, the court noted that Hutchinson had failed to properly serve the United States because he had not served the United States Attorney for the Northern District of Georgia as required by Rule 4(i)(1)(A).  Instead, the record showed that he "sent a packet" to the Georgia Attorney General and an Ohio Attorney General.  Furthermore, although Hutchinson attempted to comply with Rule 4(i)(1)(B) for serving the Attorney General of the United States, "it [was] unclear whether the packet contained a copy of [the] summons and [the] complaint" as Rule 4 required.  Accordingly, the district court again ordered Hutchinson to file within 21 days either proof of proper service of the individual defendants and the United States or a response showing cause for why the action should not be dismissed for insufficient service of process.  The court provided that failure

---

[8] Shortly thereafter, Hutchinson filed a "motion to amend to correct address on court record," stating that he had provided the incorrect address for the "U.S. Attorney Office, Atlanta, GA" in his previous filing, but that the documents were in fact sent to the correct address and delivery was confirmed.

to do so might result in the dismissal of the action. Finally, the court noted that this was the second time it had ordered Hutchinson to file proper proof of service, and it was therefore "not inclined to grant [Hutchinson] additional time to properly serve [the] Defendants."

In response, Hutchinson filed a motion for leave to amend his complaint in order to list only the United States as the sole defendant. Hutchinson explained that DFAS and the IRS were "subcomponents of the Defendant United States" and permitting him to amend and clarify the parties would "cut[] down the confusion of actions in this case of effective service." Hutchinson asserted that there was no requirement that he serve the individually named defendants in their individual capacities and that his service of the named defendants via process server to individuals who identified themselves as able to accept service was sufficient to meet the requirements of Rule 4(i)(2). He also argued that the district court was overlooking his previously submitted certified mail receipts which showed that he sent certified mailings to all the initial defendants. Finally, Hutchinson argued that the United States Attorney for the Northern District of Georgia was properly served as reflected in his notice to the court that his prior filing had incorrectly listed the address for the Georgia Attorney General, but that he had corrected the address and confirmed

24-11491                Opinion of the Court                11

delivery of the documents he mailed to the United States Attorney for the Northern District of Georgia.[9]

The district court dismissed Hutchinson's amended complaint without prejudice for lack of proper service. The district court found that Hutchinson failed to serve the United States as required by Rule 4(i) because had had not delivered the relevant documents to the United States Attorney for the Northern District of Georgia or sent them by registered or certified mail to the civil process clerk at the United States attorney's office. Additionally, he had "offered no proof" that the packet he sent to the United States Attorney General contained a copy of the summons and his complaint. And rather than offering proof that he had satisfied the requirements of Rule 4(i) for serving the United States, Hutchinson had merely pointed to prior exhibits submitted before the court's show cause order, which the court had already deemed insufficient to establish service. The district court then explained that even considering Hutchinson's evidence that he served the individual defendants, it did not matter because he had still failed to serve the United States. Finally, the district court denied Hutchinson's request to amend the complaint to remove the individual defendants and replace them with the United States as a single defendant, explaining that amending the complaint would "not solve the persistent service issues." Accordingly, the district court

---

[9] In support, he attached a tracking printout of his certified mailings to the United States Attorney's Office for the Northern District of Georgia and the individual defendants.

dismissed Hutchinson's amended complaint without prejudice. Hutchinson, proceeding *pro se*, appealed.

## II.    Discussion

### A. Whether the district court erred in granting the GDOR defendants' motion to dismiss

Hutchinson argues that the district court erred in granting the GDOR defendants' motion to dismiss because it was based on an incomplete electronically docketed complaint "due to the court's error."

"We review *de novo* the dismissal of a complaint for failure to state a claim . . . ." *Evanto v. Fed. Nat'l Mortg. Ass'n*, 814 F.3d 1295, 1297 (11th Cir. 2016).

Here, the district court did not err in ruling on the GDOR defendants' motion to dismiss despite the clerical error in the docketing of Hutchinson's complaint.   The district court acknowledged that Hutchinson was correct that there were some pages of the complaint missing from the electronically docketed version, but it considered the missing pages in ruling on the motion to dismiss.   Therefore, Hutchinson did not suffer any prejudice from the district court ruling on the motion to dismiss despite the court's docketing error.   Therefore, any error was harmless. *See* Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

To the extent that Hutchinson argues that the district court erred in denying his motion for an extension of time to file a response to the motion to dismiss, we review the district court's decision for an abuse of discretion. *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863 (11th Cir. 2004). Under this standard, "[t]he district court has a range of options; and so long as the district court does not commit a clear error in judgment, we will affirm the district court's decision." *Id.* The district court denied Hutchinson's request for an extension of time to file a response because the only ground he provided was that the motion to dismiss was based on an incomplete docketing of his complaint. The district court explained that the fact that his complaint was missing pages on the court's docket did not explain why Hutchinson could not have filed a timely response to the motion to dismiss. And Hutchinson has failed to explain why he suffered prejudice from not being able to file a response. Under the circumstances, we conclude that this was not an abuse of discretion because it was within the district court's range of options.[10]

---

[10] Hutchinson asserts in a conclusory fashion that GDOR's "actions and communications with the IRS make [it] a proper party to the case," but he does not provide any authority to support this contention. Similarly, he does not explain how the allegations in his complaint stated a claim against the GDOR defendants. Accordingly, we conclude that he has abandoned any challenge to the district court's determination that he failed to state a claim against the GDOR defendants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." (internal citation omitted)); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir.

B.  *Whether the district court erred in dismissing the amended complaint without prejudice for lack of service*

Hutchinson argues that the district court erred in dismissing without prejudice his amended complaint for lack of proper service because he complied with the requirements of Rule 4(i). Alternatively, he argues that, at a minimum, he substantially complied with the requirements of Rule 4(i) and that the district court's "strict interpretation of the service requirements overlooked [his] good-faith efforts to serve all parties properly."

We generally review a district court's interpretation of Rule 4 *de novo*, and we review the dismissal of a complaint without prejudice for failing to serve a defendant for abuse of discretion. *Lepone–Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1280 (11th Cir. 2007). "An abuse of discretion occurs when a district court commits a clear error of judgment, fails to follow the proper legal standard or process for making a determination, or relies on clearly erroneous findings of fact." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017). Furthermore, dismissals without prejudice are rarely abuses of discretion because parties

---

2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (explaining that, although we liberally construe *pro se* pleadings, the Court will not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action" (quotations omitted)).

can re-file their complaints. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983).

"Proper service of process is a jurisdictional prerequisite." *Fuqua v. Turner*, 996 F.3d 1140, 1154 (11th Cir. 2021). When a plaintiff sues a federal government official in his or her individual capacity, the plaintiff must serve both the individual officer and the United States. *Id.* at 1155; *see also* Fed. R. Civ. P. 4(i)(2) ("To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee."). Pursuant to Rule 4, in order to serve the United States, the plaintiff must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> > (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

>  (C) if the action challenges an order of a nonparty
>  agency or officer of the United States, send a copy of
>  each by registered or certified mail to the agency or
>  officer.

Fed. R. Civ. P. 4(i)(1). "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." *Id.* R. 4(*l*)(1).

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Good cause for a failure to effect service exists only "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey*, 476 F.3d at 1281 (alteration adopted) (quotations omitted). Absent a showing of good cause, the district court has the discretion to extend the time for service and must consider whether any other circumstances warrant an extension of time based on the facts of the case. *Id.* at 1282. Only after considering whether any such factors exist, may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time. *Id.*

Here, the district court did not abuse its discretion in dismissing Hutchinson's complaint for failure to properly serve the defendants.  It is undisputed that the individual defendants named in the suit were officers of federal agencies and that Hutchinson sued them in their official capacity.  Therefore, Hutchinson was required to serve both the individual officers and the United States. *See* Fed. R. Civ. P. 4(i)(2).  We note that the district court erred in concluding that Hutchinson had failed to serve the United States Attorney for the Northern District of Georgia as required by Rule 4(i)(1)(A).[11]  Nevertheless, that error does not warrant reversal because, as the district court found, there is no evidence that Hutchinson sent a copy of the summons and complaint to the United States Attorney General in Washington, D.C. as required by Rule 4(i)(1)(B).

Specifically, as proof of service on the United States Attorney General, Hutchinson filed a "certificate of service" indicating that he served the Attorney General a document entitled "Change of Action for Entry of Default on the Administrative Record."  As part

---

[11] Hutchinson's initial proof of service indicated that he served the Georgia Attorney General, but he shortly thereafter filed a motion to amend his notification of service to correct the name and address to the United States Attorney for the Northern District of Georgia.  Although the district court stated that it considered the updated address, it still found that Hutchinson had in fact served the Georgia Attorney General.  This finding was clearly erroneous because the updated address provided by Hutchinson was the correct address for the United States Attorney for the Northern District of Georgia, and Hutchinson offered proof that his certified mailing was delivered to the correct address.

of this proof of service filing, Hutchinson also submitted a letter dated February 20, 2024, which stated as follows:

> This letter serves to notify you of the lawsuit I filed on August 21, 2023, Case No. 1:23-cv-03715-LMM, in the U.S. District Court for the Northern District of Georgia. This action arises from multiple verified SCRA violations originating in North Carolina, leading to my issuance of a cease and desist, met with retaliation by DFAS leadership and counsel, culminating in false reporting to the IRS in 2015. This reporting violated wartime privileges and resulted in a wrongful lien against me, disregarding the Armed Forces Tax Guide for exiting a combat zone.
>
> Despite adherence to Rule 4 for service, it seems a copy may not have been furnished to your offices, prompting this communication to ensure awareness and facilitate possible intervention.
>
> I seek remedy, compensation, and the removal of the lien unjustly placed upon me and my person by the IRS. This matter demands prompt attention to address and resolve the violations at hand.
>
> I appreciate your consideration and look forward to your prompt response or non-participation to amicably resolve these issues.

The letter did not mention the summons or a copy of the complaint. Thus, the district court explained that it was unclear whether Hutchinson actually sent a copy of the summons and the

complaint. The court then gave Hutchinson 21 days to "prove that he served copies of the summons and his complaint—not his own form of notice—on the United States Attorney General." Yet Hutchinson's later filing made no attempt to address this aspect of the show cause order. Based on these circumstances, the district court did not abuse its discretion in dismissing the complaint without prejudice for failing to effect proper service.[12]

Finally, Hutchinson argues that the service deficiencies in his case should be excused because he was in substantial compliance with Rule 4. Hutchinson is correct that "[w]e have

---

[12] Although the district court did not expressly discuss whether good cause or some other factor warranted an extension of time for service of process, we conclude that the district court implicitly conducted such an analysis. *See Burrell v. Board of Trustees of Georgia Military College*, 125 F.3d 1390, 1395 (11th Cir.1997) (explaining that "[t]rial judges are presumed to know the law and to apply it in making their decisions"). Although Hutchinson never offered any good cause for extending the time for service in his filings, the district court gave him multiple chances to cure these deficiencies and effect proper service. For instance, the district court initially notified Hutchinson that, under the 90-day window provided for in Rule 4(m), Hutchinson had until November 23, 2023, to effect service of process and provide proof of service. As of February 2024, Hutchinson had failed to do so, and the district court again gave him additional time to provide proof of proper service. Then, almost a month later, in March 2024, the district court again notified Hutchinson of the problems with service and provided him additional time to correct the deficiencies, while also warning him that the court was not inclined to grant further additional time to cure the defects and that failure to comply could result in dismissal. These circumstances demonstrate that the district court considered whether good cause was shown or whether other circumstances existed that warranted extending the time for service of process, which is all that is required. *See Lepone-Dempsey*, 476 F.3d at 1282.

sometimes excused minor service defects when they have neither prejudiced the defendant nor deprived him of notice." *Fuqua*, 996 F.3d at 1156. However, we have declined to apply this principle in the face of significant service defects, such as a complete failure to serve a necessary party. *See id.* Here, as in *Fuqua*, the record supports the conclusion that Hutchinson failed to ensure that the "Attorney General received a copy of the summons and complaint and therefore failed to serve a necessary entity—the United States." *Id.* This defect is not a minor one that can be overlooked. Thus, the substantial compliance principle does not apply.

Accordingly, for the above reasons, we affirm.

**AFFIRMED.**